USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 7/2/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CUDDY LAW FIRM, P.L.L.C.,

Plaintiff,

-v-

NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendant.

**REPORT AND RECOMMENDATION**

25-CV-8515 (JMF) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

**To the Honorable Jesse M. Furman, United States District Judge:**

Plaintiff, the Cuddy Law Firm ("CLF"), brings this action to recover attorneys' fees and costs under the fee-shifting provision of the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. § 1415(i)(3). The parties agreed that no discovery was necessary in this case and elected to have this matter decided based on written submissions. *See* ECF Nos. 15, 16. As agreed, CLF filed a Motion for Attorney Fees, ECF No. 24 (the "Motion"). Defendant, the New York City Department of Education (the "DOE"), opposes the Motion on the basis that the requested fees are unreasonable. For the reasons described below, the undersigned respectfully **RECOMMENDS** that CLF's Motion be **GRANTED IN PART** and **DENIED IN PART.**

# I. BACKGROUND

## A. Factual Background

H.C. is a student with autism.[1] Complaint, ECF No. 1 ("Complaint" or "Compl.") ¶ 10. H.C.'s biological parent, T.J-L., hired CLF to pursue a claim that the DOE failed to provide H.C. a free appropriate public education (a "FAPE"), which the IDEA requires, for the 2023–2024 school year. *See* Administrative Record, ECF No. 23-1 ("AR") at 5.[2] Accordingly, CLF prepared a due process complaint (a "DPC") to initiate administrative proceedings under the IDEA. *Id.* at 1. In short, this DPC alleged that the DOE failed to provide a FAPE for H.C. and proposed various options for relief. *Id.* at 5–9; Compl. ¶¶ 17–18.

The Impartial Hearing Officer presiding over the proceeding (the "IHO") scheduled a pendency hearing (*i.e.*, a hearing to determine H.C.'s then-current educational placement) on August 17, 2023. Compl. ¶ 22. After the DOE failed to appear at the pendency hearing, the IHO issued a pendency order in favor of T.J-L. AR at 22, 32–35. The IHO then scheduled a hearing to address the merits of the DPC on September 20, 2023. Compl. ¶ 25.

At the merits hearing, the DOE made only limited objections and cross-examined one witness. AR at 252–53, 262. On September 26, 2023, the IHO issued a Finding of Fact and Decision concluding that the DOE failed to meet its burden of

---

[1] This Report and Recommendation uses initials to protect the privacy of parent and child.

[2] Page numbers cited in court filings refer to the ECF-generated pagination.

showing that it offered a FAPE for the 2023–2024 school year and ordering DOE to pay $114,000.00. AR at 292–303. There was no appeal. Compl. ¶ 38.

Nearly one year later, on August 14, 2024, CLF made a demand for $13,815.44 in attorneys' fees. *Id.* ¶¶ 40, 49. The DOE later countered with a settlement offer of $10,500 on January 12, 2026. Declaration of Marina Moraru, ECF No. 37 ("Moraru Decl."), Ex. D at 1.

### B. Procedural History

CLF filed this suit on October 15, 2025, seeking attorneys' fees and costs incurred in connection with both (1) the administrative proceeding described above and (2) the instant federal suit (the "Fee Action"). *See* Compl. The DOE answered the Complaint on January 14, 2026, ECF No. 19, and CLF then filed the Motion on February 28, 2026, ECF No. 24. The Motion seeks an award of $23,475.00 in fees and costs. ECF No. 25 ("Pl. Mem.") at 33. The DOE opposed the Motion on April 13, 2026, ECF No. 38 ("Def. Mem."), and CLF filed its Reply Memorandum of Law on April 20, 2026, ECF No. 39.

## II. LEGAL STANDARDS

The IDEA authorizes a "prevailing party" to seek an award of attorneys' fees. 20 U.S.C. § 1415(i)(3)(B). This fee-shifting provision requires courts to "first determine whether the party seeking the award is in fact a prevailing party . . . [and] then determine whether, under the appropriate standard, that party should be awarded attorney's fees." *Mr. L. v. Sloan*, 449 F.3d 405, 407 (2d Cir. 2006).

"[A] party who receives agency-ordered relief on the merits of their claim is a 'prevailing party' for purposes of the IDEA." *C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 17-CV-7632, 2018 WL 3769972, at *3 (S.D.N.Y. Aug. 9, 2018) (citing *A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ.*, 407 F.3d 65, 75 (2d Cir. 2005)). The Court begins its inquiry by determining the presumptively reasonable fee award. *H.A. v. N.Y.C. Dep't of Educ.*, No. 20-CV-10785, 2022 WL 580772, at *3 (S.D.N.Y. Feb. 25, 2022). The presumptively reasonable fee award, also referred to as the "lodestar," is determined by taking "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

For purposes of a fee application, the reasonable hourly rate is "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). A court should "consider, among others, the Johnson factors; it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008). The *Johnson* factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and

> length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 186 n.3 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). While courts consider all twelve factors, they do not need to make specific findings as to each of them when setting a fee award. *C.D.*, 2018 WL 3769972, at *4.

In determining the reasonable number of hours required to litigate the case, "[t]he [c]ourt has the discretion to disregard hours viewed as 'excessive, redundant, or otherwise unnecessary.'" *H.A.*, 2022 WL 580772, at *3 (quoting *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009)). "To determine the reasonableness of hours spent on a matter, '[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award' by a reasonable percentage." *Id.* (alteration in original) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983)). "[T]rial courts need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

## III. DISCUSSION

### A. Prevailing Party

It is first necessary to decide whether CLF is a prevailing party. "To be a prevailing party under the IDEA, a plaintiff must achieve (1) 'some material alteration of the legal relationship of the parties' that is (2) 'judicially sanctioned.'" *C.D.*, 2018 WL 3769972, at *3 (quoting *A.R.*, 407 F.3d at 67). "[A] plaintiff who receives IHO-ordered relief on the merits in an IDEA administrative proceeding is a 'prevailing party.'" *A.R.*, 407 F.3d at 75.

Here, the IHO ordered the DOE to pay H.C.'s tuition at Gersh Academy for the 2023–2024 school year as well as related transportation costs. Compl. ¶¶ 34–36. While the DOE asserts an affirmative defense that H.C. failed to achieve prevailing party status, it does not press this argument in opposition to the Motion. Thus, there is no genuine dispute that H.C. was the prevailing party in the administrative proceeding.

### B. Hourly Rates

Next, it is necessary to determine whether the fees that are sought are based on reasonable hourly rates. CLF seeks an award of $23,475.00 in fees and costs based on hourly rates of $490 for its most senior lawyer, $375 and $390 for mid-level attorneys, $180 and $260 for law clerks, and $150 and $180 for paralegals. As described below, the undersigned concludes that these rates are not reasonable and should be reduced.

#### 1. The *Johnson* Factors

The *Johnson* factors weigh in favor of reducing CLF's hourly rates. First, CLF makes no showing that the administrative proceeding presented any novel or complex legal issues. To the contrary, CLF appears to acknowledge that this case involves "day-to-day private enforcement" and is not among the "cases that push the legal envelope." Pl. Mem. at 15 (internal quotations omitted). While "IDEA litigation is undoubtedly a specialized field in which attorneys seek to vindicate vitally important interests of children in special education," this case "unavoidably qualifies as 'a fairly standard action for special education and related services.'"

*J.G. v. N.Y.C. Dep't of Educ.*, 719 F. Supp. 3d 293, 304–05 (S.D.N.Y. 2024) (quoting *J.R. v. N.Y.C. Dep't of Educ.*, No. 19-CV-11783, 2021 WL 3406370, at *4 (S.D.N.Y. Aug. 4, 2021), *aff'd sub nom.*, *H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4th 120 (2d Cir. 2023)).

A review of the administrative record confirms that this matter was not particularly complex. The DOE did not appear at the pendency hearing, which lasted only five minutes. AR at 20–27. The merits hearing lasted forty-four minutes and was minimally contested. AR at 244, 282. The DOE made no opening or closing statement, raised two objections, and cross examined one witness. AR at 249–50, 252, 261–62. The DOE's tepid opposition weighs against the requested rates.

While CLF argues that its fees are "regularly accepted by CLF's paying clients," Pl. Mem. at 18, it does not show that T.J-L. actually agreed to pay these rates. Further, this assertion cannot be given much weight without knowing more about how CLF's work for "paying clients" compared to the work performed here. CLF also filed affidavits from fellow IDEA practitioners setting forth their current hourly rates. *See* ECF Nos. 27–33. Courts have been reluctant to credit such affidavits in IDEA fee litigation because they lack the context required for adequate application of the case-specific *Johnson* factors. *See e.g.*, *M.C. v. Dep't of Educ. of the City of N.Y.*, No. 12-CV-9281, 2013 WL 2403485, at *7 (S.D.N.Y. June 4, 2013), *report and recommendation adopted*, 2013 WL 3744066 (S.D.N.Y. June 28, 2013); *C.D.*, 2018 WL 3769972, at *6 n.9; *E.F.A. v. N.Y.C. Dep't of Educ.*, No. 24-CV-1628,

2026 WL 690627, at *6 (S.D.N.Y. Jan. 2, 2026), *report and recommendation adopted*, 2026 WL 412082 (S.D.N.Y. Feb. 13, 2026). The same is true of the short attorney affidavits submitted here, which provide little more than general statements. *See* ECF Nos. 27–33.

Additionally, CLF contends that its "willingness to take the case on a contingency fee basis" supports its application. Pl. Mem. at 14. This argument is only slightly persuasive here because these clients had prevailed in their prior legal challenges regarding the 2021–2022 and 2022–2023 academic years, which reduced the uncertainty of success for 2023–2024. AR at 3–5. CLF also asserts that it had to turn away over one hundred intakes throughout its time representing H.C. and that IDEA cases are generally undesirable. *See* Pl. Mem. at 14. However, these clients' previous successes presumably made *this case* relatively desirable for CLF and worth pursuing in comparison to the cases that it turned away.

CLF argues that "'the most critical factor in determining the reasonableness of a fee award" is the degree of success obtained. Pl. Mem. at 14 (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). Here, it is undisputed that CLF obtained complete relief for H.C, which weighs in CLF's favor. "Yet this factor alone does not outweigh the rest, which support a reduction in the fee rate sought." *J.R.*, 2021 WL 3406370, at *4.

The final factor, which weighs strongly against the Motion, is CLF's use of hourly rates that exceed the prevailing market rates for attorneys and paralegals in IDEA cases, including those who work at CLF. There are numerous decisions in

this District assessing the reasonableness of CLF's hourly rates and the Motion fails to identify any feature of this case that justifies a departure from this precedent. *See, e.g., U.F. v. N.Y.C. Dep't of Educ.*, No. 23-CV-8745, 2026 WL 1013090, at *8 (S.D.N.Y. Feb. 13, 2026) (awarding hourly rates of $415 for Andrew Cuddy, $300 for Benjamin Kopp, $250 for lead attorney on the administrative proceeding admitted to practice in New York in 2020, $125 for experienced paralegals, and $110 for inexperienced paralegals), *report and recommendation adopted*, 2026 WL 866438 (S.D.N.Y. Mar. 30, 2026); *N.G. v. N.Y.C. Dep't of Educ.*, No. 21-CV-8488, 2024 WL 133615, at *7 (S.D.N.Y. Jan. 12, 2024) (awarding hourly rates of $425 for Andrew Cuddy, $300 for lead counsel on the administrative proceeding, $200 for Benjamin Kopp, $125 for Shobna Cuddy, and $100 for all remaining paralegals in lightly contested proceeding where total relief was obtained for the client), *adopted as modified*, 2025 WL 2790583 (S.D.N.Y. Sept. 30, 2025); *K.K. v. N.Y.C. Dep't of Educ.*, No. 23-CV-4430, 2024 WL 4203783, at *9 (S.D.N.Y. Aug. 22, 2024) (awarding hourly rates of $425 for Andrew Cuddy, $200 for Francesca Antorino, and $125 for paralegals in lightly contested proceeding where total relief was obtained for the client), *report and recommendation adopted*, 2024 WL 4203251 (S.D.N.Y. Sept. 16, 2024); *J.R.*, 2021 WL 3406370, at *6 (awarding hourly rates of $350 for Andrew Cuddy, $250 for Benjamin Kopp, and $100 for all paralegals in lightly contested proceeding where total relief was obtained for the client).

Keeping these factors in mind, the rates requested for specific timekeepers are discussed below.

**2. Simone James ("James")**

James was lead counsel in the administrative proceeding. After graduating from St. John's University School of Law in 2019, she joined CLF as a law clerk in September 2019 and became a staff attorney upon her admission to the bar in May 2020. Declaration of Andrew Cuddy, ECF No. 26 ("Cuddy Decl.") Ex. 3 at 1–2. Before joining CLF, James had no professional experience in special education litigation. *Id.* Thus, at the time of CLF's representation of H.C., James had just over four years of relevant experience. CLF requests an hourly rate of $375 for her work on the administrative hearing. Pl. Mem. at 29–31. This hourly rate exceeds those awarded for similarly experienced attorneys in similar proceedings. *See, e.g.*, *N.G.*, 2024 WL 133615, at *4. Accordingly, the undersigned recommends an hourly rate of $300 for James.

**3. Andrew Cuddy ("Cuddy")**

Cuddy is the founding and principal attorney of CLF. Cuddy Decl. Ex. 2 at 1. Cuddy was the managing attorney for both the administrative proceeding and this Fee Action. Cuddy Decl. at 9–10. He obtained his law degree from the State University of New York at Buffalo in 1996 and has focused on special education law since 1998. Cuddy Decl. Ex. 2 at 1. CLF seeks an hourly rate of $490 for him. Pl. Mem. at 32.

"The prevailing market rate for experienced, special-education attorneys in the New York area *circa* 2018 is between $350 and $475 an hour." *R.G. v. N.Y.C. Dep't of Educ.*, No. 18-CV-6851, 2019 WL 4735050, at *2 (S.D.N.Y. Sept. 26, 2019)

(collecting cases). While CLF argues that hourly rates must be adjusted to compensate for wage growth and inflation, $490 per hour is beyond what most courts in this District have recognized as the prevailing market rate for experienced attorneys in similar proceedings. *See, e.g.*, *U.F.*, 2026 WL 1013090, at *8. Considering the *Johnson* factors, the undersigned finds no reason to depart from the range of rates provided in prior cases and recommends an hourly rate of $415 for Andrew Cuddy.

#### 4. Francesca Antorino ("Antorino") and Benjamin Kopp ("Kopp")

Antorino is the lead attorney in the Fee Action. Cuddy Decl. at 10. She graduated from Brooklyn Law School and joined CLF as a law clerk in 2017. *Id.* ¶ 50. She was admitted to the New York Bar in 2019. *Id.* Antorino had minimal litigation experience before joining CLF. *Id.* Ex. 9 at 1–3. CLF seeks an hourly rate of $390 for her work on the Fee Action. *Id.* ¶ 50.

Kopp is a senior associate at CLF who worked on the Fee Action. *Id.* at 10. Kopp joined CLF in 2018 after graduating from Syracuse University College of Law in 2015. *Id.* ¶ 51. He was admitted to the New York Bar in 2016. *Id.* Before joining CLF, Kopp had a few years of general litigation experience. *Id.* Ex. 10 at 1. CLF is seeking $390 per hour for Kopp's work on the Fee Action. Pl. Mem. at 32.

The rates requested for these attorneys exceed those recently approved in this District for mid-level lawyers. *See J.G.*, 719 F. Supp. 3d at 310 (awarding hourly rate of $300 for Antorino and Kopp); *E.F.A.*, 2026 WL 690627, at *8–9 (awarding hourly rate of $200 for attorney with over a decade of litigation

experience for work on federal fee litigation); *S.M. v. N.Y.C. Dep't of Educ.*, No. 22-CV-7051, 2025 WL 4050877, at *11 (S.D.N.Y. Nov. 10, 2025) (awarding hourly rate of $288 for CLF senior attorney who mainly worked on fee litigation), *report and recommendation adopted*, 2026 WL 104183 (S.D.N.Y. Jan. 14, 2026).

CLF justifies a $390 hourly rate for Antorino and Kopp based on their specialized skills in representing clients in IDEA litigation. Pl. Mem. at 22–26. However, neither attorney billed any time for the administrative proceeding, where these skills might have been useful, and CLF fails to explain why these hourly rates are appropriate for this Fee Action. After considering the *Johnson* factors, the undersigned recommends hourly rates of $300 for Kopp and $275 for Antorino.

**5. Law Clerks**

Jamie Silverman ("Silverman") was a law clerk at CLF when she worked on H.C.'s administrative proceeding. Cuddy Decl. ¶ 45. She graduated from City University of New York School of Law in 2022. *Id.* Silverman has minimal experience in special education litigation, as CLF is her first place of legal employment as a law clerk. *Id.* Ex. 4 at 1. CLF seeks $260 per hour for Silverman's work as a law clerk. Pl. Mem. at 19.

Anna Bailey ("Bailey") was a law clerk at CLF when she worked on H.C.'s administrative proceeding. *Id.* at 20. Bailey graduated from the Elisabeth Haub School of Law at Pace University in May 2023. Cuddy Decl. Ex. 5 at 1. Like Silverman, she had no relevant experience in special education litigation before

joining CLF. *Id.* at 1–2. CLF seeks $180 per hour for her work on the administrative proceeding. Pl. Mem. at 32.

The requested rates for these CLF law clerks exceed the prevailing market rate in this District and are not warranted in light of the *Johnson* factors. "For associates with three or fewer years of experience in such litigation, courts in this District have typically approved rates of $150–$275." *C.D.*, 2018 WL 3769972, at *7. Silverman and Bailey were not yet admitted to the Bar when they started working on the case. Cuddy Decl. ¶¶ 45–46; Cuddy Decl. Ex. 5 at 1; Cuddy Decl. Ex. 4 at 1. Courts in this District have recognized $150 per hour as the prevailing market rate for law clerks. *E.F.A.*, 2026 WL 690627, at *9 (recommending a $150 hourly rate for law clerks in a more complicated administrative proceeding); *A.S. ex rel T.B. v. N.Y.C. Dep't of Educ.*, No. 23-CV-4580, 2024 WL 4354894, at *7 (S.D.N.Y. Sept. 30, 2024) (awarding an hourly rate of $150 to a junior staff attorney who solely worked on the administrative proceeding). Here, the undersigned recommends hourly rates of $175 for Silverman and $150 for Bailey.

**6. Paralegals**

CLF requests an hourly rate of $180 for paralegals ChinaAnn Reeve ("Reeve"), Natalie Urgiles ("Urgiles"), and Shobna Cuddy, and $150 for paralegals Kendall Shaw ("Shaw") and Margaret Kinney-Angotti ("Kinney-Angotti"). Pl. Mem. at 20–22, 26, 32. The DOE contends that the hourly rate for all paralegals should be $100 per hour. Def. Mem. at 12.

Reeve received a bachelor's and associate's degree from the University of Phoenix, in 2023 and 2021, respectively. Cuddy Decl. Ex. 6 at 2. She started working at CLF in 2021 and had no prior paralegal experience. *Id.* at 1. Urgiles graduated from New York University in May 2022 and joined CLF upon graduation. Cuddy Decl. Ex. 7 at 1. She had no prior experience as a paralegal. *Id.* Shobna Cuddy graduated from Modesto Junior College and has worked as a paralegal at CLF since 2007. Cuddy Decl. Ex. 8 at 1. Her current title is firmwide office administrator. *Id.* Shaw graduated from Fordham University in 2025 and began working at CLF in June 2025. Cuddy Decl. Ex. 11 at 1. She has no prior paralegal experience. *Id.* CLF provided no information on the educational or professional experience of Kinney-Angotti.

CLF's proposed rate of $180 per hour for paralegals exceeds the prevailing market rate as reflected in recent decisions. "Courts in this District have for a number of years typically awarded between $100 and $125 per hour for the work of CLF paralegals, depending on their educational qualifications and experience." *S.M.*, 2025 WL 4050877, at *11. CLF insists that courts in this District have recently adopted paralegal rates that fall within the range of $125 to $225. Pl. Mem. at 13–14 (citing *J.H. v. N.Y.C. Dep't of Educ.*, No. 23-CV-4753, 2024 WL 2330462, at *2 (S.D.N.Y. May 21, 2024) (awarding hourly rate of $125 to $200 for paralegals in heavily contested case); *J.M. v. N.Y.C. Dep't of Educ.*, No. 23-CV-10002, 2024 WL 5047662, at *3 (S.D.N.Y. Dec. 9, 2024) (awarding paralegals an hourly rate of $125 to $200 supported by client affidavits), *adopted as modified*,

2025 WL 2233990 (S.D.N.Y. Aug. 6, 2025); *E.L. v. N.Y.C. Dep't of Educ.*, No. 23-CV-2560, 2024 WL 3887154, at *4 (S.D.N.Y. Aug. 21, 2024) (awarding paralegals an hourly rate of $150); *L.M. v. N.Y.C. Dep't of Educ.*, 24-CV-4289, 2025 U.S. Dist. LEXIS 81486, at *4 (S.D.N.Y. Apr. 29, 2025) (finding an hourly rate of $125 to $200 for paralegals reasonable). These decisions cite *Y.G. v. N.Y.C. Dep't of Educ.,* which found a $225 hourly rate for paralegals reasonable in a "*heavily contested*" proceeding. No. 21-CV-641, 2022 WL 1046465, at *2 (S.D.N.Y. Apr. 7, 2022) (emphasis added). Another decision, however, concluded that "[t]he award in *Y.G.* remains 'an outlier.'" *S.M.*, 2025 WL 4050877, at *9 (collecting cases). "In every other recent case in this District, courts applying the *Johnson* factors have concluded that a reasonable hourly rate . . . for the CLF paralegals [is] between $125 and $100." *Id.* As recently as February 2026, CLF paralegals were awarded hourly rates between $110 and $125 for a minimally contested administrative proceeding and the subsequent fee litigation. *U.F.*, 2026 WL 1013090, at *8.

Considering the *Johnson* factors and prevailing market rates, the undersigned recommends a rate of $140 for Shobna Cuddy based on her nearly two decades of experience and her supervisory role. For the remaining paralegals the undersigned recommends a rate of $120.

**7. Summary of Hourly Rates**

The following table provides a summary of the hourly rates by individual, applying the adjustments described above to reach a "Reasonable Rate":

| Employee | Title | CLF Requested Rate[3] | Reasonable Rate |
|---|---|---|---|
| Andrew Cuddy | Managing Attorney | $490.00 | $415.00 |
| Benjamin Kopp | Attorney | $390.00 | $300.00 |
| Simone James | Lead Attorney | $375.00 | $300.00 |
| Francesca Antorino | Lead Attorney | $390.00 | $275.00 |
| Jamie Silverman | Law Clerk | $260.00 | $175.00 |
| Anna Bailey | Law Clerk | $180.00 | $150.00 |
| Shobna Cuddy | Paralegal | $180.00 | $140.00 |
| ChinaAnn Reeve | Paralegal | $180.00 | $120.00 |
| Natalie Urgiles | Paralegal | $180.00 | $120.00 |
| Kendall Shaw | Paralegal | $150.00 | $120.00 |
| Margaret Kinney-Angotti | Paralegal | $150.00 | $120.00 |

### C. Billed Hours

#### 1. The Administrative Proceeding

CLF billed 44.9 hours for its work on the administrative proceeding, which included 17.9 attorney hours, 17.3 law clerk hours, and 9.7 paralegal hours. Cuddy Decl. at 9–10. It is not the role of district courts to assess each line item in the invoice to decide what constitutes a reasonable amount of time spent completing a given task. *See Fox v. Vice*, 563 U.S. 826, 838 (2011) ("[T]rial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."). CLF notes that such decisions are generally best left to the judgment of the attorney. *See M.D. v. N.Y.C. Dep't of Educ.*, No. 17-CV-2417, 2018 WL 4386086, at *4 (S.D.N.Y. Sept. 14, 2018) ("[I]f it is reasonably necessary for an attorney to spend an hour devoted to a particular task—a question

[3] The rates in this column are derived from the requested hourly rates of CLF personnel for work on the administrative proceeding and Fee Action. Pl. Mem. at 29–32.

best left, in the first instance, to that attorney's professional judgment—then that hour must be compensated at the reasonable hourly rate."). However, a review of CLF's invoices reveals excessive billing in connection with the administrative proceeding.

Silverman billed 5.6 hours for drafting the DPC. Pl. Mem. at 29–30. This nine-page document appears to be a combination of information about H.C.'s educational history gleaned from prior proceedings and information about the 2023–2024 school year. *See* AR at 1–9. CLF's existing knowledge of H.C.'s history and extensive experience drafting DPCs weighs against spending additional time on this filing. Thus, it is difficult to justify the additional 2.3 hours that James and Urgiles spent working on the DPC. Pl. Mem. at 29–30. Additionally, Silverman spent 2.4 hours drafting the opening statement for the hearing on the merits. Cuddy Decl. Ex. 1 at 5. But this opening statement was approximately 500 words long and was little more than a rehashing of the facts contained in the DPC. AR at 1–9, 257–59.

Andrew Cuddy and Shobna Cuddy's involvement in the administrative proceeding was limited to the creation and review of a billing invoice for work done by CLF staff. Cuddy Decl. Ex. 1 at 8–9. Courts in this District have refused to award fees for this type of administrative work. *S.M.*, 2025 WL 4050877, at *13 (citing *R.G.*, 2019 WL 4735050, at *4; *N.G.*, 2025 WL 2790583, at *12). For these reasons, all time billed by Andrew Cuddy and Shobna Cuddy on the administrative proceeding should be removed.

While CLF appears to have exercised more billing restraint here than it had in other cases, certain time entries are excessive considering the simplicity of this administrative proceeding and the frequency with which CLF handles such matters. The undersigned therefore recommends a 10% overall reduction to the hours billed for the administrative proceeding after removing all work by certain timekeepers. This reduction is less than that applied in other cases and it reasonably approximates the hours that were excessive in this case. *See e.g.*, *H.A. v. N.Y.C. Dep't of Educ.*, No. 20-CV-10785, 2022 WL 580772, at *10 (S.D.N.Y. Feb. 25, 2022) (discounting hours billed by CLF for administrative proceeding by 20%); *Y.S. v. N.Y.C. Dep't of Educ.*, No. 21-CV-02159, 2022 WL 4096071, at * 5 (S.D.N.Y. Sept. 6, 2022) (discounting the hours billed by CLF for administrative proceeding by 20%), *aff'd sub nom.*, *Y.G. v. N.Y.C. Dep't of Educ.*, No. 22-1184, 2025 WL 2080218 (2d Cir. July 24, 2025).

| **Administrative Proceeding** | | |
|---|---|---|
| **Employee** | **CLF Hours Billed**[4] | **Reasonable Hours Billed**[5] |
| Andrew Cuddy | 0.70 | 0.00 |
| Simone James | 17.20 | 15.48 |
| Jamie Silverman | 16.50 | 14.85 |
| Anna Bailey | 0.80 | 0.72 |
| Shobna Cuddy | 1.10 | 0.00 |
| ChinaAnn Reeve | 0.70 | 0.63 |
| Natalie Urgiles | 7.90 | 7.11 |

[4] These numbers are derived from the hours billed by CLF attorneys and paralegals for their work on the administrative proceeding. Pl. Mem at 29–32; Cuddy Decl. at 9–10.

[5] These figures reflect the adjustments described above.

**2. The Fee Action**

"Courts in this District also have discounted fee requests for the time spent in follow-on litigation over the appropriate fee award." *J.G.*, 719 F. Supp. 3d at 313. CLF requests a total of $9,690 for fees incurred litigating this Fee Action, including 18.8 attorney hours and 9.9 paralegal hours. Pl. Mem. at 32. This request is excessive in light of the "'simple and straightforward issue' of establishing 'the reasonable amount of fees and costs that [CLF] should be paid. . . .'" *Id.* (quoting *J.R.*, 2021 WL 3406370, at *6).

To start, the brief filed in this case closely tracks the brief that CLF filed in *U.F. v. N.Y.C. Dep't of Educ.*, No. 23-CV-8745 at Dkt. No. 21. Indeed, it appears that significant portions of the brief were recycled from other sources, including the brief in *U.F.*, the facts drafted for the administrative proceeding, and the resumes of CLF employees used in other fee motions. The substantive legal arguments made here are essentially the same as those presented in *U.F. Id.* Thus, there is no justification for Antorino, the lead attorney, spending approximately six hours drafting the brief. *See* Cuddy Decl. Ex. 1 at 12, 14, 17, 18. Furthermore, much of the work on this brief was performed before the Complaint was filed. This front-loading of CLF's work in the Fee Action hindered the DOE's ability to prevent the accrual of additional fees by making a written settlement offer pursuant to 20 U.S.C. § 1415(i)(3)(D)(i). *See* Cuddy Decl. Ex. 1 at 12.

As the DOE argues, 4.6 hours for drafting the nine-page Complaint is excessive. *See* Def. Mem. at 24; Cuddy Decl. Ex. 1 at 11–13. Antorino billed 2.6 of

these 4.6 hours. Cuddy Decl. Ex. 1 at 11–13. The Complaint consists of single-sentence paragraphs repeating the facts from the administrative proceeding and presenting boilerplate legal arguments. *See* Compl. The hours billed for this task are excessive, particularly in light of CLF's experience with IDEA fee litigation.

Similarly, the approximately 4.1 hours billed by Francesca Antorino for collecting and drafting affidavits and declarations is excessive. *See* Cuddy Decl. Ex. 1 at 14–18. CLF submitted very similar affidavits from IDEA practitioners in other cases. *See e.g.*, *U.F. v. N.Y.C. Dep't of Educ.*, No. 23-CV-8745 at Dkt. Nos. 30, 33–37, 40. Despite the minimal weight such affidavits carried elsewhere, CLF billed significant time to prepare them.

The undersigned recommends a 20% reduction in the hours billed for the Fee Action. This is consistent with the reductions applied in other cases and it reasonably approximates the excessive billing for the Fee Action here. *See e.g.*, *S.M.*, 2025 WL 4050877, at *15 (reducing hours billed by CLF in federal fee litigation by 20%); *N.G.*, 2025 WL 2790583, at *10 (reducing hours billed by CLF in federal fee litigation by 25%); *R.P. v. N.Y.C. Dep't of Educ.*, No. 21-CV-4054, 2022 WL 1239860, at *7 (reducing hours billed by CLF in federal fee litigation by 30%).

| Fee Action | | |
|---|---|---|
| **Employee** | **CLF Hours Billed**[6] | **Reasonable Hours Billed**[7] |
| Andrew Cuddy | 2.50 | 2.00 |
| Benjamin Kopp | 0.50 | 0.40 |
| Francesca Antorino | 15.80 | 12.64 |
| Shobna Cuddy | 1.30 | 1.04 |
| ChinaAnn Reeve | 0.80 | 0.64 |
| Kendall Shaw | 5.80 | 4.64 |
| Margaret Kinney-Angotti | 2.00 | 1.60 |

### D. Costs and Expenses

"A district court may award reasonable costs to the prevailing party in IDEA cases." *C.D.*, 2018 WL 3769972, at *12 (citing 20 U.S.C. § 1415(i)(3)(B)(i)(1)). The DOE does not contest either the filing fee for the Fee Action or the cost of postage. Def. Mem. at 12–13. Thus, the undersigned recommends that the $405 filing fee and $0.44 for postage be awarded.

The undersigned agrees with the DOE that $0.50 per page for printing is excessive. Courts in this District have consistently awarded $0.10 per page for printing expenses. *See e.g.*, *H.C.*, 2021 WL 2471195, at *12; *Y.G.*, 2022 WL 1046465, at *3. The undersigned recommends an award of $0.10 per page for printing expenses for a total of $31.

[6] The numbers in this column are derived from the hours billed by CLF attorneys and paralegals for their work on the Fee Action. Pl. Mem. at 32.

[7] These figures reflect a twenty percent discount of all billing for the Fee Action.

### E. Interest

CLF seeks both pre-judgment and post-judgment interest on any award of attorneys' fees. "The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) (citing 28 U.S.C. § 1961(a)); *see also True-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017); *H.C.*, 71 F.4th at 129. Accordingly, the undersigned recommends awarding post-judgment interest at the federal rate.

Regarding pre-judgment interest, "[i]n a suit to enforce a federal right, the question of whether or not to award prejudgment interest is ordinarily left to the discretion of the district court." *H.C.*, 71 F.4th at 128 (quoting *Gierlinger v. Gleason*, 160 F.3d 858, 873 (2d Cir. 1998)). Here, the undersigned has attempted to determine attorneys' fees based on the prevailing market rates today, which offsets any delay in the payment of attorneys' fees. *See id.* ("'delay[s] in payment' may be remedied by 'application of current rather than historic hourly rates'" (alterations in original) (quoting *Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 284 (1989))). Courts in this District have found an award of pre-judgment interest in IDEA litigation to be unreasonable. *See M.H. v. N.Y.C. Dep't of Educ.*, No. 20-CV-1923, 2021 WL 4804031, at *30–31 (S.D.N.Y. Oct. 13, 2021); *R.P.*, 2022 WL 1239860, at *7; *U.F.*, 2026 WL 1013090, at *14. For these reasons, the undersigned recommends that CLF's request for pre-judgment interest be denied.

**F. The Effect of the DOE's Settlement Offer**

Under the IDEA, a prevailing party is not permitted to receive an award of attorneys' fees for services performed after the submission of a written settlement offer if:

> (I) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins; (II) the offer is not accepted within 10 days; and (III) the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.

20 U.S.C. § 1415(i)(3)(D)(i). DOE's settlement offer was made on January 12, 2026, which was more than fourteen days before the start of trial, as required under Rule 68. Def. Mem. at 9. Using the reasonable rates and hours recommended above, the fee award calculated as of January 12, 2026, was $11,792.75,[8] which is higher than DOE's offer of $10,500. Because the recommended relief is more favorable to CLF than the offer of settlement, this provision does not prevent an award of attorneys' fees for services performed after the settlement offer. Therefore, CLF is entitled to an award including all reasonable fees incurred after January 12, 2026.

[8] This number was calculated by the following methodology: (1) adding up the hours each employee billed in the Fee Action before January 12, 2026 (*i.e.*, through and including January 11, 2026); (2) multiplying each employee's hours, as calculated in Step 1, by eighty percent to determine the reasonable hours worked on the Fee Action before January 12, 2026; (3) multiplying the reasonable hours worked, as calculated in Step 2, by the reasonable rate for each respective CLF employee; and (4) adding the number calculated in Step 3 to the reasonable fee amount for the administrative proceeding.

### G. Summary

Based on the foregoing, the undersigned respectfully **RECOMMENDS** an award of $13,676.75 in attorneys' fees and $436.44 in costs, for a total of $14,113.19, plus post-judgment interest at the federal rate.

| **Administrative Proceeding** | | | |
|---|---|---|---|
| **Employee** | **Reasonable Rate** | **Reasonable Hours Billed** | **Reasonable Fee Award** |
| Andrew Cuddy | $415.00 | 0.00 | $0.00 |
| Simone James | $300.00 | 15.48 | $4,644.00 |
| Jamie Silverman | $175.00 | 14.85 | $2,598.75 |
| Anna Bailey | $150.00 | 0.72 | $108.00 |
| Shobna Cuddy | $140.00 | 0.00 | $0.00 |
| ChinaAnn Reeve | $120.00 | 0.63 | $75.60 |
| Natalie Urgiles | $120.00 | 7.11 | $853.20 |
| ***Total*** | | | **$8,279.55** |

| **Fee Action** | | | |
|---|---|---|---|
| **Employee** | **Reasonable Rate** | **Reasonable Hours Billed** | **Reasonable Fee Award** |
| Andrew Cuddy | $415.00 | 2.00 | $830.00 |
| Benjamin Kopp | $300.00 | 0.40 | $120.00 |
| Francesca Antorino | $275.00 | 12.64 | $3,476.00 |
| Shobna Cuddy | $140.00 | 1.04 | $145.60 |
| ChinaAnn Reeve | $120.00 | 0.64 | $76.80 |
| Kendall Shaw | $120.00 | 4.64 | $556.80 |
| Margaret Kinney-Angotti | $120.00 | 1.60 | $192.00 |
| ***Total*** | | | **$5,397.20** |

| **Expenses** | **Reasonable Cost** |
|---|---|
| Postage | $0.44 |
| Printing | $31.00 |
| Filing Fee | $405.00 |
| ***Total*** | **$436.44** |

## IV. CONCLUSION

For the reasons described above, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion be **GRANTED IN PART** and **DENIED IN PART**, and that judgment be awarded to Plaintiff in the amount of $14,113.19, plus post-judgment interest at the federal rate.

## PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. *See* Fed. R. Civ. P. 6(a), (b), (d). Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Jesse M. Furman, United States Courthouse, 500 Pearl Street, New York, New York 10007-1312. Any requests for an extension of time for filing objections must be directed to Judge Furman.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *see Thomas v.*

*Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

Dated: July 2, 2026
New York, New York

Henry J. Ricardo
United States Magistrate Judge